IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD E. STEWART III, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | |
| MIKE WENEROWICZ, et al., | : | |
| | : | NO. 12-4046 |
| Defendants. | : | |

**ORDER**

AND NOW, this       day of            , 2013, upon consideration of Michael Wenerowicz' Motion to Dismiss Plaintiff's Complaint, it is hereby ORDERED that said Motion is GRANTED. The Complaint is hereby DISMISSED.

BY THE COURT:

_____
DuBOIS, JAN E., J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD E. STEWART III, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| MIKE WENEROWICZ, et al., | : | |
| | : | NO. 12-4046 |
| Defendants. | : | |

## WENEROWICZ' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant Michael Wenerowicz hereby moves the Court, pursuant to Fed. R. Civ. P. 12(b)(1) and 12 (b)(6), to dismiss Plaintiff's Complaint. As more fully set forth in the attached Memorandum of Law, the Court should dismiss Plaintiff's claims.

WHEREFORE, Wenerowicz respectfully requests that Plaintiff's Complaint be dismissed as against him.

                Respectfully submitted,

                KATHLEEN G. KANE
                Attorney General

By: /s/ Anthony P. Venditti

                ANTHONY P. VENDITTI
Office of Attorney General        Deputy Attorney General
21 S. 12th Street, 3rd Floor        Attorney I.D. No. 88879
Philadelphia, PA 19107
Phone: (215) 560-2940        Gregory R. Neuhauser
Fax:   (215) 560-1031        Chief, Litigation Section

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD E. STEWART III, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | |
| MIKE WENEROWICZ, et al., | : | |
| | : | NO. 12-4046 |
| Defendants. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF WENEROWICZ'
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

**I. INTRODUCTION**

Inmate Edward Stewart filed this pro se lawsuit against State Correctional Institution at Graterford ("SCIG") Superintendent Michael Wenerowicz and four unnamed corrections officers. Complaint, pg. 1. He alleges violations of the Eighth and Fourteenth Amendments pursuant to 42 U.S.C. § 1983. Id., ¶ 32. Plaintiff sues Wenerowicz in his official and personal capacity and seeks damages. Id., pgs. 1, 7.

Wenerowicz now moves to dismiss the Complaint. As more fully discussed below, Plaintiff fails to state any claims upon which relief may be granted under 42 U.S.C. § 1983.

**II. ARGUMENT**

**Applicable Standards Under Fed.R.Civ.P. 12(b)(1) And 12(b)(6).**

A Rule 12(b)(1) motion is the proper mechanism for raising the issue of whether Eleventh Amendment immunity bars federal jurisdiction. Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 694 n. 2 (3d Cir.1996)(citing Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98-100 (1984) (Eleventh Amendment is a jurisdictional bar which deprives federal courts of subject matter jurisdiction)).

A Rule 12(b)(6) motion is appropriate when testing the sufficiency of a complaint's allegations. Delaware Valley School Dist. v. P.W. ex rel. James W., C. A. No. 08-1385, 2009 WL 1270220, *2 (M.D.Pa. May 5, 2009). Following the Supreme Court decisions in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), and Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009), pleadings standards in federal civil rights actions have shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). See Phillips v. County of Allegheny, 515 F. 3d 224, 230 (3d Cir. 2008). Therefore, following Twombly and Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true but may disregard any legal conclusions. Iqbal, 556 US at 678-79.

Second, a district court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." Id. In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. Id. See Phillips, 515 F.3d at 234-35. As the Supreme Court instructed in Iqbal, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" Iqbal, 556 US at 679. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

### B. Statement Of Alleged Facts.

Stewart claims that he injured his shoulder and back while being transported from SCI Fayette to SCIG on June 9, 2011. Complaint, ¶¶ 11-13. He claims that he and other inmates were chained and shackled during the trip. Id., ¶ 10. The inmates were all wearing DOC jumpsuits and sat on fiberglass benches in the vehicle. Id. Because all of the inmates were restrained, they could not stop themselves from sliding on the seats when the bus made turns. Id. When the driver of the bus took a sharp turn, the inmate sitting next to Plaintiff slid into his left shoulder. Id., ¶ 11. During this episode, Plaintiff's knee slammed into the aisle and his body shifted while the other inmate's full body weight was pressed against his shoulder. Id., ¶ 13.

Stewart claims he heard a "pop" and was left in severe pain. Id. Once the bus arrived at SCIG, Plaintiff saw a nurse who told him that she could not do anything for him and scheduled him for an appointment with a doctor the next day. Id., ¶ 17. He claims that the doctor refused to order an x-ray or medication for the pain. Id., ¶ 18. Around July 15, 2011, an x-ray was ordered. Id., ¶ 20.

Plaintiff was returned to SCI Fayette on July 27, 2011. Id., ¶ 22. Upon his arrival, he visited the intake nurse, who scheduled him for a doctor's appointment. Id., ¶¶ 25-26. A doctor at SCI Fayette examined his x-rays and determined that Plaintiff had inflammation around his neck and spine. Id., ¶ 28. Plaintiff claims that his injuries are chronic and he now receives pain management therapy consisting of Novocain and depo medrol. Id., ¶¶ 29-30.

### C. The Eleventh Amendment And Will Bar The § 1983 Claim For Damages Against Wenerowicz In His Official Capacity.

Absent waiver by the State or valid congressional override, the Eleventh Amendment[1]

---

[1] The Eleventh Amendment provides that "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

3

bars suits in federal court by private parties for money damages against states, state agencies and state officials in their official capacities. Idaho v. Coeur d'Alene Tribe of Idaho, 521 U.S. 261 (1997); Seminole Tribe of Florida v. Florida, 517 U.S. 44, 54 (1996); Puerto Rico Aqueduct and Sewer Authority v. Metcalf and Eddy, 506 U.S. 139 (1993); Kentucky v. Graham, 473 U.S. 159, 169 (1985) (state officials sued in their official capacities are immune from federal suit). The bar extends to suits against departments or agencies of the state having no existence apart from the state. Laskaris v. Thornburgh, 661 F. 2d 23, 25 (3d Cir. 1981), citing Mt. Healthy City Board of Ed. v. Doyle, 429 U.S. 274, 280 (1977).

The Eleventh Amendment applies regardless of the relief requested, that is, it bars an action whether plaintiff seeks legal or equitable relief. Seminole Tribe of Florida, 517 U.S. at 58; Papasan v. Allain, 478 U.S. 265, 276 (1986). See also Cory v. White, 457 U.S. 85, 90 (1982). In Pennhurst, 465 U.S. at 104-05, the Supreme Court expressly held that the Eleventh Amendment bars federal courts from ordering state agencies or officials to comply with state law. See Blake v. Papadakos, 953 F. 2d 68, 73 n. 5 (3d Cir. 1992) ("federal courts have no jurisdiction to review state officials' compliance with state law."). Accord Allegheny County Sanitary Authority v. USEPA, 732 F. 2d. 1167 (3d Cir. 1984).

Neither pendent (supplemental) jurisdiction nor any other basis of jurisdiction may override the Eleventh Amendment. Pennhurst, 465 U.S. at 121. Section 1983 does not override the Eleventh Amendment. Quern v. Jordan, 440 U.S. 332, 341-42 (1979). While a state may consent to be sued in federal court, e.g., Kimel v. Florida Bd. of Regents, 528 U.S. 62, 73 (2000); Seminole Tribe of Florida, 517 U.S. at 55-56; Pennhurst, 465 U.S. at 99 (waiver must be

unequivocally expressed"), Pennsylvania has expressly withheld consent. 42 Pa. C.S. § 8521(b).[2] See Laskaris, 661 F. 2d at 25.

The Department of Corrections ("DOC") is an executive department of Pennsylvania state government. See 71 P.S. § 61; Lavia v. Pennsylvania Department of Corrections, 724 F.3d 190, 195 (3d Cir. 2000). Wenerowicz is a DOC employee and may not be sued for damages under § 1983 in his official capacity. Complaint, pg. 1.

Separate and apart from Eleventh Amendment immunity, Wenerowicz, in his official capacity, is not a "person" subject to liability under § 1983. Will v. Michigan Department of State Police, 491 U.S. 58, 69-71, & n.10 (1989). Accordingly, the Court should dismiss Plaintiff's Section 1983 claims against Wenerowicz in his official capacity.

### D. Wenerowicz Had No Personal Involvement In Plaintiff's Claims.

Plaintiff sues Wenerowicz under 42 U.S.C. § 1983 which provides a right of action for constitutional violations. To state a viable claim for damages under § 1983, a plaintiff must allege that the defendant was personally involved in depriving him of his federal rights. Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir.2005). A defendant's personal involvement in constitutional wrongdoing may be established by allegations of "personal direction," "actual knowledge and acquiescence," or "direct discrimination." Id., at 353; Andrews v. City of Philadelphia, 895 F.2d 1469, 1478 (3d Cir.1990).

A plaintiff cannot recover damages from a supervisory official under a theory of vicarious or respondeat superior liability. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir.1988). A supervisor can be held liable under § 1983 only if he or she played an "affirmative part" in the alleged misconduct. Chinchello v. Fenton, 805 F.2d 126, 133 (3d Cir.1986). A

---

[2] 42 Pa. C.S. § 8521(b) provides that "Nothing contained in this subchapter shall be construed to waive the immunity of the Commonwealth from suit in Federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States." See 1 Pa. C.S. § 2310.

5

supervisor has "no affirmative constitutional duty to train, supervise or discipline so as to prevent such conduct." Chinchello, 805 F.2d at 133 (citation omitted). See Farmer v. Brennan, 511 U.S. 825, 841-42 (1994).

Plaintiff's § 1983 claims are legally insufficient. Plaintiff merely alleges that Superintendent Wenerowicz is in charge of facility management at SCIG. Complaint, pg. 1. Plaintiff offers nothing more to support any allegations of constitutional wrongdoing. The Complaint does not, and cannot, allege that Wenerowicz has involvement in the medical issues or treatment of inmates. Nor is it alleged that Wenerowicz knew about the dangers surrounding slippery transport vehicle seats and failed to address the situation. Without identifying specific omissions evidencing deliberate indifference, which establishes a relationship between the identified deficiency and the ultimate injury, the allegations must fail. Jackson v. Beard, C.A. No. 07-2164, 2008 WL 879923, at*5 (E.D.Pa. March 31, 2008). See also Sample v. Diecks, 885 F.2d 1099, 1118 (3d Cir.1998). Therefore, the Complaint against Wenerowicz should be dismissed.

### E. Plaintiff's Complaint Fails To State An Eighth Amendment Medical Care Claim Against Wenerowicz.

Stewart claims that he suffered an injury while being transferred to SCIG. Complaint, ¶¶ 11-13. He alleges that the treatment he received while housed at SCIG was inadequate. Id., ¶¶ 25-27. He appears to allege an Eighth Amendment claim against Wenerowicz as a result. "In order to state a claim that the medical care provided by defendants violated his constitutional rights, an inmate must prove that his medical needs were serious and that prison officials were deliberately indifferent to those needs." Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979). See also Estelle v. Gamble, 429 U.S. 97, 105 (1976). A medical need is serious if it is "one that has been diagnosed by a physician as requiring treatment or one that is so

obvious that a lay person would easily recognize the necessity for a doctor's attention." Woloszyn v. County of Lawrence, 396 F.3d 314, 320 (3d. Cir. 2005)(citation omitted).

The failure of a non-medical prison official to respond to the medical complaints of a prisoner who was already being treated by the prison doctor does not rise to the level of deliberate indifference. Durmer v. O'Carroll, 991 F.2d 64, 69 (3d. Cir. 1993). "If a prisoner is under the care of medical experts ..., a non-medical prison official will generally be justified in believing that the prisoner is in capable hands." Spruill v. Gillis, 372 F.3d 218, 236 (3d. Cir 2004). Thus, "absent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference." Id. See Rodriguez v. Smith, C.A. No. 03-3675, 2005 WL 1484591, at *5 (E.D.Pa. June 21, 2005). See also Monmouth County Correctional Institutional Inmates v. Lanzaro, 834 F. 2d 326, 346 (3d. Cir. 1987)(the mere disagreement with a course of treatment an inmate receives is not a constitutional violation").

Treatment for Plaintiff's injuries began the moment he stepped off the transport bus when he saw the nurse. Complaint, ¶¶ 16-17. Nothing in the Complaint alleges that Wenerowicz, who is not a physician or nurse, had any reason to believe that the medical experts who were treating Stewart were mishandling or ignoring his condition. As a facility manager, Wenerowicz is not medically trained to diagnose and treat prisoner ailments. His duties are limited to the administration of various aspects of the institution. Attempting to hold him responsible for Plaintiff's medical ailments, where plaintiff was already being treated by physicians, does not rise to the level of the requisite deliberate indifference. Accordingly, Stewart's Eighth Amendment claim against Wenerowicz should be dismissed.

### F.     Plaintiff Fails To Allege An Eighth Amendment "Conditions Of Confinement" Claim.

Stewart might be alleging that Wenerowicz was deliberately indifferent to the condition of the seats in the SCIG transport bus used the day he was injured. Complaint, ¶¶ 34, 36.  An Eighth Amendment violation may arise where conditions of confinement pose a substantial risk of serious harm. See Farmer, 511 U.S. at 837.  In "prison-conditions cases," the inmate must also show "deliberate indifference" by prison officials to his health or safety. Id.

A plaintiff must first make an objective showing that he has a "serious medical need," or that he is exposed to a "pervasive risk of harm." See Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir.2002); Riley v. Jeffes, 777 F.2d 143, 147 (3d Cir.1985).  Next, a prisoner must make a subjective showing that the prison official knew of and disregarded either the prisoner's serious medical need or, in a prison-conditions case, an excessive risk to the inmate's health or safety. See Natale v. Camden County Corr. Facility, 318 F.3d 575, 582 (3d Cir. 2003); Farmer, 511 U.S. at 847 ("[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it.")

The requisite risk of harm "may not ordinarily be shown by pointing to a single incident or isolated incidents, but it may be established by much less than proof of a reign of violence and terror." Riley, 777 F.2d at 147; see Helling v. McKinney, 509 U.S. 25, 36 (1993) (prisoner must show that the risk is so grave it violates contemporary standards of decency to expose anyone to it unwillingly); Oliver v. Bucks County Corr., 181 Fed. Appx. 287, 289 (3d Cir. 2006).  Eighth Amendment conditions of confinement cases typically involve risks to prisoners that threaten essential aspects of human dignity, such as sexual assaults, physical attacks by other prisoners, and continuous exposure to toxic substances or infectious disease. Yudenko v. Guarini, C.A. No.

8

06-4161, 2008 WL 4055826, at *6 (E.D.Pa. Aug. 28, 2008)(the alleged "pervasive risk of harm" was factually insufficient where inmate with ankle fracture fell down steps after being ordered to carry his belongings to another area).

Here, Stewart failed to allege that Wenerowicz was aware of either the slippery condition of the seats in the transport bus or the impact it would have on his safely using them while chained and shackled. The allegations are insufficient to show that Wenerowicz had the requisite awareness to know that by allowing Plaintiff to be transported in that manner that he caused a pervasive risk to his safety. Finally, the risk Plaintiff claims he was exposed to does not amount to an Eighth Amendment violation either in frequency or type. To the extent that Plaintiff claims an Eighth Amendment violation based on conditions of his confinement, his claim must fail.

### G.     The Complaint Fails To State A Fourteenth Amendment Claim.

Plaintiff claims a violation of the Fourteenth Amendment. Under the Due Process Clause a deprivation of liberty must "be preceded by notice and opportunity for hearing appropriate to the nature of the case." McDaniels v. Flick, 59 F.3d 446, 454 (3d Cir. 1995)(quoting Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 542 (1985)). However, in the absence of a protected liberty interest, defendants need not furnish the plaintiff with any notice or hearing at all. See, e.g., Williams v. DiGuglielmo, C.A. No. 05-3440, 2006 WL 1531641, *4 (E.D.Pa. February 28, 2006)(absent protected liberty interest, parolee was not entitled to hearing or notice prior to parole board's action rescinding his parole). Here, Plaintiff does not allege that Wenerowicz deprived him of any protected liberty interest. Because Plaintiff's Complaint fails to implicate a protected liberty interest that would give rise to any cognizable due process claims, the Court should dismiss this count.

9

**VI.   CONCLUSION**

      For all the reasons stated above, Wenerowicz requests that this case be dismissed.

                                      Respectfully submitted,

                                      KATHLEEN G. KANE
                                      Attorney General

                        By:   /s/ Anthony P. Venditti
                                    ANTHONY P. VENDITTI
Office of Attorney General          Deputy Attorney General
21 S. 12th Street, 3rd Floor           Attorney I.D. No. 88879
Philadelphia, PA 19107
Phone: (215) 560-2940              Gregory R. Neuhauser
Fax:    (215) 560-1031              Chief, Litigation Section

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD E. STEWART III, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| MIKE WENEROWICZ, et al., | : | |
| | : | NO. 12-4046 |
| Defendants. | : | |

**CERTIFICATE OF SERVICE**

    I, Anthony P. Venditti, hereby certify that the Motion to Dismiss has been filed electronically and is available for viewing and downloading from the Court's Electronic Case Filing System. I further certify that a true and correct copy of this document was mailed on April 5, 2013 by first class mail, postage prepaid to:

Edward E. Stewart, III
HE-2140
SCI Fayette
BOX 9999
LaBelle, PA 15450-0999

                              By:   s/ Anthony P. Venditti

                                   ANTHONY P. VENDITTI
Office of Attorney General          Deputy Attorney General
21 S. 12th Street, 3rd Floor           Attorney I.D. No. 88879
Philadelphia, PA 19107
Phone: (215) 560-2940             Gregory R. Neuhauser
Fax:    (215) 560-1031               Chief, Litigation Section