Edward E. Stewart III / HE-2140 / SCI-Fayette, P.O. Box 9999, La Belle, Pennsylvania 15450-0999

April 19, 2013

Honorable Jan E. DuBois
U.S. Courthouse
601 Market Street, Room #12613
Philadelphia, Pa. 19106-1712

RECEIVED
APR 29 2013

RE: Edward E. Stewart III v. Michael Wenerowicz, et al., 12-4046

Dear Judge DuBois:

I pray that this letter finds you in the best state of being. Enclosed please find my motion to Dismiss the Defendant Wenerowicz's motion to Dismiss my Complaint.

*Very Respectfully Yours*

Edward E. Stewart III

IN THE UNITED STATES DISTRICT COURT

FOR THE ESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD STEWART, III<br>        Plaintiff,·<br>            vi. | :<br>:<br>: CIVIL ACTION<br>:<br>: NO. 12-4046 |
| MIKE WENEROWICZ,, et at.,<br>        Defendant. | : |

## PLAINTIFF'S OPPSING DEFENDANT WENEROWICZ'S MOTION TO DISMISS THE COMPLAINT

### STATEMENT OF THE CASE

Defendant Wenerowicz has filed a motion to dismiss the complaint on four (4) grounds:

That the Eleventh Amendment bars a claim for damages against the Defendant in his Official Capacity, and the Plaintiff has failed to state a claim since the Defendant had no personal involvement in the Plaintiff's claims since the Defendant was a Supervisory Official; That the Plaintiff's allegations do not support a claim for denial of adequate medical care against the Defendant; That the Defendant was not deliberately indifferent to the Plaintiff's serious medical needs under the Eighth Amendment; and That the Plaintiff failed to state a protected liberty interest claim under the fourteenth Amendment against the Plaintiff.

## STATEMENT OF THE FACTS

The Complaint contends that Defendant Wenerowicz is in charge of Facility Management, as well as Correctional Officers, which makes him responsible for the transportation and safety of Inmates that was provided by Defendants John Does 1-4. Complaint Page # 1.

The Plaintiff claims that, while restrained on the bus, the Plaintiff's knee slammed into the aisle crushing another inmate upon his left shoulder, and he heard a "popping" sound. Complaint ¶¶ 11-13

The Plaintiff claims that, after being examined, the doctor found that he had sustained a great deal of trauma to his left shoulder, and that the doctor refused to give the Plaintiff an X-Ray, nor medications for his pain, at this time; and that consequently, he experienced excruciating pain for approximately 34 hours before being prescribed pain medications. Complaint ¶¶ 17-18

The Plaintiff claims that, despite his being seen by numerous doctors, he was not scheduled to actually receive an X-Ray until over a month after the incident; and that he did not receive an X-Ray until after two (2) additional weeks. Complaint ¶¶ 20-21

The Plaintiff claims that, ever since the incident he has experienced continuing pain, as well as having trouble lifting his left arm, along with difficulty with dressing and undressing himself. Complaint ¶¶ 26

The Plaintiff claims that, X-Ray results reveled damage to the left region of his neck, inflammation of the spine, consistent with nerve damage, damage to the left Clavicle, and A/C Joint. Complaint ¶¶ 28-30

## ARGUMENT

### PLAINATIFF'S COMPLALINT AGAINST THE DEFFENDANT SHOULD NOT BE DISMISSED FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983

To state a claim, a plaintiff must allege a deprivation of a right, guaranteed by the Constitution or laws of the U.S., by a defendant acting under the Color of Law. Tunstall v. Office of Judicial Support, 820 F.2d 631,633 (3rd Cir. 1987). Even negligent delay by county personnel, in seeking medical treatment for person detained in jail, does not show deliberate indifference; to detainee's constitutional claim." However, the Plaintiff, as in this instant Complaint, has stated a deprivation of rights, guaranteed under the Eighth Amendment, where the Defendants (employees of a correctional facility) acted with "deliberate indifference", not mere inadvertence.

The Complaint contends that Defendant Wenerowicz showed Deliberate Indifference towards the Plaintiff's 8th and 14th Amendment rights when his officers carelessly ignored the potential dangers of not having "**Black Safety Strips**" on the transportation bus, which caused his serious injuries. Complaint ¶¶ 32-34

During Discovery the Plaintiff has become aware that transportation busses now have Black Safety Strips; and further that the denial of care which happened to him was not an isolated incident. In fact, there appears to be a pattern of care denial at S.C.I.-Graterford and S.C.I.-Fayette. When considering the ignorance towards Plaintiff's safety, along with the over a month's denial of care to the Plaintiff, along with the pattern of ignorance and denial of care he uncovered during discovery, it is clear that the Defendant acted with Deliberate Indifference; hence the Plaintiff has made a prima facie case under 42 U.S.C 1883.

-3-

Additionally, documentary evidence, which the Plaintiff has, will show evidence that will reveal a pattern of indifference towards similarly situated prisoners. Moreover, such intentional actions and omissions by the defendant was sufficiently harmful to the Plaintiff to evidence personal involvement, and a deliberate indifference to his safety and serious medical needs.

## CONCLUSION

Defendant Wenerowicz has failed to demonstrate that he is entitled to dismissal of the claim in this matter, and therefore his Motion to Dismiss should be denied

*Edward E. Stewart III*
EDWARD STEWART, III
Plaintiff, Pro-Se

DATE: April 19, 2013

-4-

IN THE UNITED STATES DISTRICT COURT
FOR THE ESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD E. STEWARD, III<br>Plaintiff, | CIVIL ACTION |
| VS. | NO. 12-4046 |
| MIKE WENEROWICZ, et al.,<br>Defendant. | |

BRIEF IN OPPOSITION OF DEFENDANT
WENEROWICZ'S MOTION TO DISMISS

The Plaintiff, Edward E. Stewart III, moves the court, pursuant to Fed. R. Civ. P. Rule 12 (b)(6), to deny the defendant's motion to dismiss, and states in support the following:

(1). The Plaintiff states a cause of action against the defendant(s) based upon his failure to correct the improper transportation and safety arrangement of inmate(s) provided by his correctional officers (Defendant(s) John Doe 1-4) which posed the dangerous-disaster that caused the Plaintiff serious injuries.

(2). The Plaintiff bases his claim upon the Eighth Amendment of the U.S. Constitution and 42 U.S.C. Section 1983.

(3). The Plaintiff states a cause of action against the defendent for two seperate reasons, each of which requires the dismissal of this motion to dismiss.

(4). First, the complaint contains allegations that establish that he states a cause of action for deliberate indifference to serious medical needs in his assertion that the defendant knew that his officers conduct presented a substantial risk of harm to the Plaintiff, but they did nothing to correct it... Farmer v. Breman, 511 US 825, 114 S.Ct. 1970 (1994).

(5). A Rule 12(b)(6) Motion, as submitted by the Defendant may be granted only if, accepting all well pleaded allegations in the complaint as true, and viewing them in the

Fischl, 782 F.2d. 1148, 1152 (3d. Cir. 1986) Agelastro v. Prudential-Bache Securities, Inc., 764 F. 2d 939, 944 (3d. cir.) cert. denied, 474 US 935 (1985).

(6). As the US Supreme court has stated, "The issue is not whether the plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence in support of the claims. Indeed it may appear on the face of the pleading that a recovery is very remote and unlikely, but that is not the test." Scheuer v. Rhodes, 461 U.S. 232, 236 (1974). Rather, "A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." - Conley v. Gibson, 355 US. 41, 45-46 (1957).

(7). Second, this standard is very favorable to Plaintiffs, only if the Plaintiff cannot conceivbly make out a claim will the complaint be dismissed. For example, in the prison medical care case, the complaint can be dismissed at this stage only if the Plaintiff has failed to claim Deliberate Indifference, or, failed to set out facts that show that a serious medical need was not responded to.

## ARGUMENT

**EDWARD E. STEWART III, HAS STATED A CLAIM OF DELIBERATE INDIFFERENCE.** To state a claim, a Plaintiff must allege a deprivation of a right, guaranteed by the Constitution of the United States, by a defendant acting under the color of law.

The complaint contends that the defendant's actions, in failing to curb the known pattern of practices and procedures, as well as failing to intervene in such behavior, which led to his accident, contributes to and proximately caused the above mention violations. .. Complaint paragraphs 32-36. Accordingly, Plaintiff's claim against the Defendant should not be dismissed.

## CONCLUSION

For all the reasons stated above, Defendant Wenerowicz's request that the case be dismissed should not be granted.

Respectfully Submitted,
Edward C. Stewart III

DATE: April 19, 2013

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

EDWARD E. STEWART III,
Plaintiff

v.

MIKE WENEROWICZ, et al.,
Defendants.

CIVIL ACTION

NO. 12-4046

## CERTIFICATE OF SERVICE

I, Edward E. Stewart III, hereby certify that on the 19th day of April, I am serving a true and correct copy of the enclosed Motion In Opposion of Defendant Wenerowicz's Motion To Dismiss, along with a Brief In Opposition of Defendant Wenerowicz's Motion To Dismiss, which service satisfies the requirements of Pa.R.A.P. 121. This service also satisfies the requirements of the Prisoner's Mailbox Act;

(Com. v. Jones 700 A.2d 423; Houston v. Lack 108 S.Ct. 2379).

Service by First Class Mail.

April 19, 2013
Date

Edward E. Stewart III
Pro Se Plaintiff